STATE of Wisconsin, Plaintiff-Respondent,

v.

Brian C. WULFF, Defendant-Appellant-Petitioner.

Supreme Court

*No. 95–1732–CR. Oral argument December 3, 1996.—Decided January 30, 1997.*

(Also reported in 557 N.W.2d 813.)

For the defendant-appellant-petitioner there were briefs by *Stephen Hurley, John Hyland* and *Hurley, Burish & Miliken*, Madison; of counsel, *James Geis* and *James Geis Law Office*, Chicago, IL, and oral argument by *James Geis*.

For the plaintiff-respondent the cause was argued by *Sharon Ruhly*, assistant attorney general, with whom on the brief was *James E. Doyle*, attorney general.

¶ 1. DONALD W. STEINMETZ, J. The issue in this case is whether the evidence was sufficient to convict the defendant, Brian C. Wulff, of the version of the offense the jury was instructed to deliberate, attempted second-degree sexual assault by attempted genital or anal intrusion.

¶ 2. We hold that there was insufficient evidence presented at trial to support a finding of guilt on attempted vaginal or anal intrusion. We therefore reverse the court of appeals' decision and remand to the circuit court with instructions to enter a judgment of acquittal based on *United States v. Burks*, 437 U.S. 1 (1978). In *Burks*, the Court held that "once a reviewing court has found the evidence legally insufficient, the only just remedy available for that court is the direction of a judgment of acquittal." *Id.* at 18. To subject Wulff to a new trial would violate the Double Jeopardy Clause of the Fifth Amendment to the United States Constitution.[1] *Id.* There were two other issues

---

[1] The Double Jeopardy Clause provides that no person shall "be subject for the same offence to be twice put in jeopardy of life or limb. . . ." U.S. Const. Amend. V.

144

presented in this case. However, because our insufficiency of evidence determination is dispositive, this court need not reach these other issues.

¶ 3. The State filed an information charging Brian Wulff with the offense of attempted second-degree sexual assault. The trial was before the La Crosse County Circuit Court, the Honorable John J. Perlich. The jury was instructed in part that the crime of second-degree sexual assault is committed when a person has sexual intercourse with someone who the defendant knows is unconscious. The jury was further instructed that "'sexual intercourse' means any intrusion, however slight, by any part of a person's body or of any object into the genital or anal opening of another." Wis. Stat. § 940.225(5)(b) and (c). The jury returned a general verdict finding Wulff guilty as charged in the information. He was sentenced to probation for a period of four years, with the condition that he be incarcerated for four months with Huber privileges.

¶ 4. Wulff filed a motion for post-conviction relief in the circuit court. In addition to requesting a new trial because of alleged trial errors, Wulff complained that after the verdict it became known that at least one of the jurors had reached her verdict by relying on a definition that was interjected into the deliberations from an outside source. Wulff also asserted in his motion that the State impermissibly referred to his invocation of the right to remain silent during police questioning. The judge denied the motion.

¶ 5. The court of appeals affirmed the conviction, finding it irrelevant that the State failed to prove each of the theories of Wulff's guilt advanced at trial. *State v. Wulff*, 200 Wis. 2d 318, 546 N.W.2d 522 (Ct. App. 1996). The court of appeals also rejected all of Wulff's other challenges to the conviction.

145

¶ 6. Carrie D., the victim, was 22 years old when she testified. In the early morning hours of September 17, 1993, the victim and the defendant encountered one another outside a bar in La Crosse, Wisconsin. The victim and the defendant knew each other from their high school days and had run into one another occasionally while living in LaCrosse. The two began to talk, and Carrie became separated from her friends. After an unsuccessful search for her friends, the victim told the defendant she was about to walk home because she was too drunk to drive. The defendant agreed to walk with her. What happened after they began to walk together to Carrie's apartment is disputed.

¶ 7. According to the victim, Wulff repeatedly tried to kiss her during the hour-long walk to her apartment but she only permitted him to do so once. When they reached her apartment at about 3:00 a.m., she agreed that Wulff could stay overnight if he slept on the couch. After they entered the apartment she showed him the couch in the living room and she went to her bedroom to sleep.

¶ 8. Carrie testified she did not remove her sweatshirt, bra, underwear, or socks before she went to sleep. However, when she awoke she was completely naked and Wulff was sitting on top of her, facing her, and trying to open her mouth with one hand and force his erect penis into her mouth. She screamed, and Wulff got off her. He kept repeating: "nothing happened, don't worry." Wulff then grabbed his clothes and left. Carrie could not recall how her clothes came off or how a tampon she remembered having in when she fell asleep had been removed.

¶ 9. An examination at the hospital revealed the victim had suffered a superficial abrasion on the inner part of her lip. However, there was no semen found on

the tampon she had inserted prior to the examination or on the vaginal, cervical, oral, or anal swabs or smears taken from the victim. Additionally, there were no strands of the defendant's hair found in combings taken from the victim, and no strands of the victim's hair were found in combings taken from the defendant.

¶ 10. According to the defendant's version of the incident, the walk back to Carrie's apartment was marked with interludes of consensual kissing and petting. Wulff also testified that as they approached her apartment, Carrie invited him to spend the rest of the night with her.

¶ 11. Wulff further testified at trial that upon arriving at Carrie's apartment, they went into her bedroom and began to pet heavily and remove their clothes. They abruptly stopped what they were doing when they were startled by a noise. Shortly after they had determined that no one was walking in on them, she passed out.

¶ 12. Wulff claims that he was unable to fall asleep, so he tried to awaken Carrie to say goodbye. When she awoke, he claimed, she was disoriented and confused. At trial, Wulff asserted that Carrie misconstrued the events of that evening because she had too much to drink.

¶ 13. The information charged Wulff in the precise language of Wis. Stat. § 940.225(2)(d).[2] It alleged that Wulff had committed the attempted second-degree sexual assault because he had "sexual contact or sexual intercourse with a person who the defendant knows is unconscious."

---

[2] Wis. Stat. § 940.225(2)(d) provides that whoever "[h]as sexual contact or sexual intercourse with a person who the defendant knows is unconscious" shall be guilty of a Class C felony.

¶ 14. The terms "sexual contact" and "sexual intercourse" are both specifically defined in Wis. Stat. § 940.225(5)(b) and (c). The statutory definition of sexual intercourse is:

> (b) "[s]exual intercourse" includes the meaning assigned under sec. 939.22(36) [vulvar penetration] as well as cunnilingus, fellatio, or anal intercourse between persons or any other intrusion, however slight, of any part of a person's body or of any object into the genital or anal opening either by the defendant or upon the defendant's instruction. The emission of semen is not required.

Wis. Stat. § 940.225(5)(c). The jury instructions, however, did not provide the complete statutory definition of sexual intercourse. The relevant jury instructions were:

> Take the law as it is given in the jury's instructions and apply the law to the facts in the case which are properly proven by the evidence. Consider only the evidence received during this trial and the law as given to you by these instructions and from these alone, guided by your soundest judgment, reach your verdict.
>
> The crime of second degree sexual assault is committed by:
>
> A person who has sexual intercourse with a person the defendant knows is unconscious.
>
> The first element requires that the defendant had sexual intercourse with Carrie D.
>
> "Sexual intercourse" means any intrusion, however slight, by any part of a person's body or of any object, into the genital or anal opening of another. Emission of semen is not required.

¶ 15. The jury's verdict was that Brian Wulff was "Guilty of sexual assault as charged in the Information." Wulff asks this court to reverse his conviction because he claims that there was insufficient evidence to support a finding of guilt for attempted genital or anal intrusion.

¶ 16. This court should only reverse the conviction if the evidence, after being viewed most favorably to the prosecution, still has insufficient probative value to prove the theory of guilt submitted to the jury beyond a reasonable doubt. *State v. Poellinger*, 153 Wis. 2d 493, 451 N.W.2d 752 (1990).

¶ 17. One can commit attempted sexual intercourse in different ways. Although each of the different ways of accomplishing sexual intercourse is conceptually similar, each one constitutes a separate crime when done in a manner proscribed by the statute. *State v. Eisch*, 96 Wis. 2d 25, 291 N.W.2d 800 (1980). In closing argument, the prosecution advanced three theories: attempted sexual contact, attempted sexual intercourse by fellatio, and attempted sexual intercourse by vulvar penetration. However, the court did not instruct the jury to consider all of these theories of culpability. The jury was instructed to convict if it found that Wulff had committed attempted second-degree sexual assault by attempting a single version of sexual intercourse—genital or anal intrusion. The State did not produce sufficient evidence of attempted genital or anal intrusion during the course of the trial.

¶ 18. Wulff relies on this court's decision in *State v. Crowley*, 143 Wis. 2d 324, 422 N.W.2d 847 (1988), to assert that the conviction must be reversed because it is unclear what theory the jury relied on in reaching its guilty verdict—the theory of attempted fellatio

149

advanced at trial, or the theory of attempted genital or anal intrusion presented in the jury instructions.

¶ 19. In *Crowley*, alternative theories of the defendant's guilt were presented to the jury. The jury returned a guilty verdict, but it was unclear as to which ground the jury used to convict. This court explained, as follows, the proper means by which to review such situations:

> We conclude that, when alternative methods of proof resting upon different evidentiary facts are presented to the jury, it is necessary, in order to sustain a conviction, for an appellate court to conclude that the evidence was sufficient to convict beyond a reasonable doubt upon both of the alternative modes of proof.

*Id.* at 329. Wulff argues that *Crowley* stands for the proposition that a general jury verdict can be sustained only if the trial testimony was sufficient to sustain the conviction under any and all theories submitted to the jury.

¶ 20. Wulff contends that there was insufficient evidence to support a guilty verdict on the theory of genital and anal intrusion. To allow such a conviction based on evidence that is unrelated to the jury instructions violates the fundamental right to trial by jury in two ways: 1) it makes the jury instructions defining the offense superfluous, and 2) it violates the defendant's right to a unanimous verdict.[3]

¶ 21. The State argues that the opinion in *Crowley* has been called into doubt by the Supreme Court case *Griffin v. United States*, 502 U.S. 46 (1991), *reh'g denied*, 502 U.S. 1125 (1992). In *Griffin*, the instruc-

---

[3] The right to a unanimous verdict is secured under Article I, sections 5 and 7 of the Wisconsin Constitution.

tions given told the jury that it could return a verdict of guilty against the defendant if it found her to have participated in either one of the two objects of the drug conspiracy. *Griffin*, 509 U.S. at 48. The Court held that, in a federal prosecution, the Due Process Clause does not require that general guilty verdicts in a multiple-object conspiracy be set aside if the evidence is insufficient to support a conviction as to one object.

¶ 22. The State argues that based on *Griffin*, Wulff's conviction must stand. We disagree. In *Griffin*, the jury was told that it could return a verdict of guilty if it found Griffin guilty of either one of the two objects of the conspiracy. In the case at bar, the jury was not instructed that it could return a verdict of guilty if it found Wulff guilty of either attempted anal or genital intrusion *or* attempted fellatio. The issue here is not determined by discussing that "[j]ury unanimity in the determination of the mode of committing a single crime is not required." *State v. Crowley*, 143 Wis. 2d at 333. Nor is the court's holding that when alternative means of committing sexual assault are conceptually similar, the jury need not be unanimous as to which specific act the defendant committed. *State v. Gustafson*, 119 Wis. 2d 676, 695, 351 N.W.2d 653 (1984), *cert. denied*, 471 U.S. 1056 (1985), citing *State v. Lomagro*, 113 Wis. 2d 582, 598, 335 N.W.2d 583 (1983).

¶ 23. Here, the issue of attempted fellatio was not submitted to be decided by the jury. Therefore, the jury was not told to consider fellatio as an alternative means of committing sexual contact. It was instructed only on the charge of attempted anal or genital intrusion, and we can uphold this conviction only if the evidence presented at trial was sufficient to uphold this charge.

151

¶ 24. The only facts presented to the jury on the State's theory of an attempted act of genital intrusion were that 1) when Carrie D. went to bed she was dressed and when she became aware of Wulff on top of her, she was undressed, and 2) she believes she had a tampon inserted and when she came to there was no tampon. The police could not find it any place on the premises. The evidence of attempted genital intrusion is insufficient to support a conviction on this charge.

¶ 25. Although there was no evidence to prove an attempted genital or anal intrusion, admittedly there was evidence sufficient to sustain a conviction on review if the jury had been instructed to deliberate the fellatio intercourse or sexual contact theories of culpability. However, in *Chiarella v. United States*, 445 U.S. 222, 236 (1980), the Court stated "we cannot affirm a criminal conviction on the basis of a theory not presented to the jury. *Rewis v. United States*, 401 U.S. 808, 814 (1971); *see Dunn v. United States*, 442 U.S. 100, 106 (1979)."

¶ 26. The Illinois Court of Appeals recently decided this issue in a case with facts analogous to those in *Wulff*. In *People v. Scott*, 648 N.E.2d 86 (Ill. App. 1994), the state produced evidence of penetration with an object in a sexual assault case, but the court gave the jury an instruction on a different theory that was not supported by the evidence. The court of appeals reversed the conviction because the evidence had nothing to do with the theory of the offense submitted to the jury. The court explained: "The instruction offered to the jury on defining penetration had nothing to do either with penetration by object or with the manner accomplished by Scott. Thus, the jury could not have found Scott guilty on the record before us, and we

152

are uncertain upon what theory the jury found guilt." *Scott*, 648 N.E.2d at 90.

¶ 27. The situation in this case is similar to that in *Scott*. The evidence before the jury did not support a finding of guilt on attempted genital or anal intrusion, and the general verdict leaves us uncertain as to under what theory the jury found guilt. We can uphold Wulff's conviction only if there was sufficient evidence to support guilt on the charge submitted to the jury in the instructions.

¶ 28. The instructed definition of "sexual intercourse," did not include the term "fellatio" or the words "oral intercourse." There was sufficient evidence, if believed by the jury, to find the defendant guilty of fellatio. However, the jury was not instructed on that charge, so we cannot affirm Wulff's criminal conviction based on the theory of attempted fellatio.

¶ 29. As to attempted genital intrusion evidence, the "appellate court may not reverse a conviction unless the evidence, viewed most favorably to the state and the conviction, is so insufficient in probative value and force that it can be said as a matter of law that no trier of fact, acting reasonably, could have found guilt beyond a reasonable doubt." *Poellinger*, 153 Wis. 2d at 501. The court limited jury deliberations by instructing only that sexual intercourse includes the intrusion of one part of a person's body into the genital or anal opening of another. The instructions did not include a reference to oral intrusion, and we conclude that no jury could have found Wulff guilty of attempted genital or anal intrusion beyond a reasonable doubt based on the evidence presented at trial. Based on *Burks*, we conclude that this court cannot remand for a new trial based on attempted fellatio because to do so would violate the Double Jeopardy Clause. Instead, because

there was insufficient evidence to support the genital or anal intrusion conviction, and because facts regarding the attempted fellatio were submitted to the jury without instructions as to the relevant law, this court directs the entry of a judgment of acquittal.

¶ 30. We hold that there was insufficient evidence presented at trial to support a finding of guilt on attempted vaginal or anal intrusion. We therefore reverse the court of appeals' decision and remand to the circuit court with directions to enter a judgment of acquittal. There are two other issues presented. However, since our insufficiency of evidence determination is dispositive, we need not address these issues.

*By the Court.*—The decision of the court of appeals is reversed and the cause is remanded with directions to enter a judgment of acquittal.