STATE of Wisconsin, Plaintiff-Respondent,

v.

Thomas P. STERZINGER, Defendant-Appellant.†

Court of Appeals

*No. 01–1440–CR. Submitted on briefs January 11, 2002.—Decided June 27, 2002.*

2002 WI App 171

(Also reported in 649 N.W.2d 677.)

† Petition to review denied 9-26-02.

On behalf of the defendant-appellant, the cause was submitted on the briefs of *Steven P. Weiss*, assistant state public defender of Madison.

On behalf of the plaintiff-respondent, the cause was submitted on the brief of *Jeffrey J. Kassel*, assistant attorney general, and *James E. Doyle*, attorney general.

Before Vergeront, P.J., Roggensack and Deininger, JJ.

¶ 1. DEININGER, J.   A jury found Thomas Sterzinger guilty of fleeing an officer, contrary to WIS. STAT. § 346.04(3) (1999–2000),[1] after he failed to obey a police officer's signal to stop his vehicle. Sterzinger claims the instructions given to the jury regarding the

---

[1] All references to the Wisconsin Statutes are to the 1999–2000 version unless otherwise noted. The text of WIS. STAT. § 346.04(3) is quoted below in the analysis section of this opinion.

elements of the offense were deficient in that they failed to specify that in order to find him guilty, the jury must be convinced: (1) that he actually interfered with or endangered the operation of another vehicle or pedestrian; and (2) that he did so knowingly. He also argues that the evidence at trial was insufficient to convict him of the offense.

¶ 2. We conclude, however, that the scienter requirement of WIS. STAT. § 346.04(3) applies only to the first element of the offense, that a driver "knowingly flee or attempt to elude" an officer. We also conclude that the statute does not require the operator of a fleeing vehicle to actually interfere with or endanger identifiable vehicles or persons; he or she need only drive in a manner that creates a risk or likelihood of that occurring. Finally, we conclude that the State produced sufficient evidence to sustain the jury's guilty verdict. Accordingly, we affirm the appealed judgment of conviction and the order denying postconviction relief.

## BACKGROUND

¶ 3. A Town of Owen police officer activated the siren and flashing lights of his marked squad car after observing Sterzinger's pickup truck commit a possible traffic violation. Sterzinger continued to drive his truck on town roads, rolling through two posted stop signs but generally obeying posted speed limits. While the officer pursued Sterzinger with lights and siren activated on a two-way gravel road, an oncoming truck pulled to the side of the road and a woman pushing a stroller steered the stroller into a ditch as the two vehicles passed. Sterzinger eventually pulled into his own driveway where the officer placed him under arrest.

¶ 4. The State charged Sterzinger with felony fleeing from an officer. *See* WIS. STAT. §§ 346.04(3) and 346.17(3)(a). The case was tried to a jury, and the court instructed jurors as follows regarding the elements of the offense:

> Before you may find the defendant guilty of this offense, the State must prove by evidence which satisfies you beyond a reasonable doubt that the following two elements were present:
>
> The first element requires that the defendant operated a motor vehicle on a highway after receiving a visual or audible signal from a marked police vehicle. The second element requires the defendant knowingly attempted to elude a traffic officer by willful disregard of the visual or audible signal so as to, A, interfere with or endanger other vehicles in an attempt to elude or, B, by increasing the speed of the vehicle in an attempt to elude.

Sterzinger did not object to the giving of this instruction. The jury found him guilty and the court imposed a stayed prison sentence and placed Sterzinger on probation. He moved for postconviction relief seeking a new trial in the interest of justice or because his counsel was ineffective in failing to object to the jury instructions. The trial court denied Sterzinger's motion and he appeals the judgment of conviction and the order denying postconviction relief.

## ANALYSIS

██

¶ 5. The principal issue in this appeal is one of statutory interpretation, a question of law which we decide de novo. *State v. Setagord*, 211 Wis. 2d 397, 405–06, 565 N.W.2d 506 (1997). The language at issue is the following:

> No operator of a vehicle, after having received a visual or audible signal from a traffic officer, or marked police vehicle, shall knowingly flee or attempt to elude any traffic officer by wilful or wanton disregard of such signal so as to interfere with or endanger the operation of the police vehicle, or the traffic officer or other vehicles or pedestrians . . . .

Wis. Stat. § 346.04(3).[2]

¶ 6. Sterzinger argues that the scienter or *mens rea* requirement of the statute applies to both "flee or attempt to elude" and "interfere with or endanger." That is, he claims that it is not enough for the State to show that he knowingly disobeyed an officer's signal by fleeing or attempting to elude the officer, but that it must also prove that he knowingly interfered with or endangered another vehicle or person. Sterzinger also argues that Wis. Stat. § 346.04(3) requires actual interference with or endangerment of the police vehicle or other identified vehicles or pedestrians, as opposed to simply creating a risk of such interference or endangerment.

¶ 7. We first address what the statute requires the State to prove a defendant knew in order to convict him of felony fleeing under Wis. Stat. § 346.04(3). There is no dispute that the statute plainly requires knowledge in the first element ("knowingly flee or attempt to

---

[2] As an alternative to proving that a driver attempted to elude a traffic officer "by wilful or wanton disregard of such signal so as to interfere with or endanger" other vehicles or persons, the State may show that the driver either increased the speed of his vehicle or extinguished its lights "in an attempt to elude or flee." Wis. Stat. § 346.04(3). The State did not rely on either alternative element at trial and the parties do not discuss them on appeal.

elude"), and thus, the legislature did not intend to create a "strict liability" felony offense. *See* Wis. Stat. § 939.23(1) ("When criminal intent is an element of a crime in chs. 939 to 951, such intent is indicated by the term 'intentionally', the phrase 'with intent to', the phrase 'with intent that', or some form of the verbs 'know' or 'believe'."). We agree with the State's contention that Sterzinger offers very little in the way of support for his claim that the statute requires both a knowing "attempt to elude" an officer *and* a knowing interference with or endangerment of another vehicle or person.

¶ 8.    Sterzinger's reliance on *State v. Olson*, 175 Wis. 2d 628, 498 N.W.2d 661 (1993) is misplaced. The supreme court noted in *Olson* that " '[t]o inflict substantial punishment on a person who is innocent of any intentional or negligent wrongdoing offends the sense of justice and is ineffective.' " *Id.* at 637 (quoting *State v. Collova*, 79 Wis. 2d 473, 486, 255 N.W.2d 581 (1977)). Because Wis. Stat. § 346.04(3) requires that a defendant knowingly flee in willful disregard of an officer's signal, the specter of imprisoning someone who was unaware that he or she engaged in unlawful conduct is simply not present. In short, *Olson* and *Collova* provide no support for a claim that in a multiple-element offense, knowledge or intent is required with respect to each element.

¶ 9.    Tellingly, Sterzinger makes no argument that the phrasing or structure of the statutory language supports his interpretation, perhaps because it does not. For purposes of analysis, we separate the relevant language of Wis. Stat. § 346.04(3) into three parts, each expressing a distinct thought or idea:

(1)    No operator of a vehicle, after having received a

931

visual or audible signal from a traffic officer, or marked police vehicle,

(2)     shall knowingly flee or attempt to elude any traffic officer,

(3)     by wilful or wanton disregard of such signal so as to interfere with or endanger the operation of the police vehicle, or the traffic officer or other vehicles or pedestrians.

The first segment requires that a vehicle be operated after receipt of a signal from an officer, which constitutes the first element of the offense. *See* WIS JI— CRIMINAL 2630. The second segment encompasses a knowing act (fleeing or attempting to elude the officer), which results in criminal liability under the statute if it is accompanied by one of three additional facts, the first of which is set forth in the third segment.[3] This segment expresses the requirement that the operator's "wilful . . . disregard" of the officer's signal be done in a manner "so as to interfere with or endanger" another vehicle or person.

¶ 10. Sterzinger claims that we must read the statute in such a way that the word "knowingly" performs double duty, i.e., that it not only modifies the immediately adjacent "flee or attempt to elude," which it plainly does, but that it also hovers above the intervening nineteen words and reinserts itself in the following location: "so as to [knowingly] interfere with or endanger." We agree with the State that this reading is strained and implausible, and we decline to adopt it. *See*

---

[3] The two alternative facts are "increas[ing] the speed of the operator's vehicle" or "extinguish[ing] the lights of the vehicle" in an attempt to elude or flee. WIS. STAT. § 346.04(3). *See* footnote 2 above.

932

*Trott v. DHFS*, 2001 WI App 68, ¶ 15, 242 Wis. 2d 397, 626 N.W.2d 48 (rejecting an interpretation of a rule as "not plausible in light of the regulation's plain language and framework"); *Maxey v. Racine Redevelopment Auth.*, 120 Wis. 2d 13, 20, 353 N.W.2d 812 (Ct. App. 1984) (noting that when construing statutes, courts will avoid "unrealistic and unreasonable" interpretations).

¶ 11. Our conclusion that "knowingly" in WIS. STAT. § 346.04(3) applies to only "flee or attempt to elude," and not to "interfere with or endanger," is consistent with the Criminal Jury Instruction Committee's reading of the statute. *See* WIS JI—CRIMINAL 2630. Our interpretation also finds support in *State v. Van Meter*, 72 Wis. 2d 754, 242 N.W.2d 206 (1976). We acknowledge that *Van Meter* did not involve either the issue of scienter or any dispute over the proper interpretation of the statute. Nonetheless, in its analysis the court said this:

> The violated statute requires . . . that he knowingly fled or attempted to elude the traffic officer by wilful or wanton disregard of the signal, so as to interfere with or endanger the operation of the police vehicle, or the traffic officer or other vehicle or pedestrians.

*Id.* at 759. By placing a comma before "so as to interfere with or endanger," the supreme court indicated that it too reads the statute as confining "knowingly" to the act of fleeing.

¶ 12. Sterzinger next claims that the statute requires the State to prove that by fleeing in willful disregard of an officer's signal, a defendant *actually* interfered with or endangered either the officer, his or her squad car, or some other, identifiable person or vehicle. The phrase "so as to" is not defined in WIS. STAT. § 346.04(3) or Wisconsin case law. A dictionary

definition of the phrase "so as" is "with the result or purpose."[4] "Result" implies that an actual interference with or endangerment of others must occur, but "purpose" connotes an outcome that is intended or likely, but not necessarily certain, to occur.[5] We conclude therefore that the statute is ambiguous because reasonably well-informed persons could read it to require that the defendant's conduct actually interfere with or endanger other persons or vehicles, while others could conclude that conduct which creates a risk or likelihood of interference or endangerment is sufficient. *See Setagord*, 211 Wis. 2d at 406.

■

¶ 13.    Because WIS. STAT. § 346.04(3) is ambiguous regarding whether other vehicles or persons must actually be interfered with or endangered, or whether an incident of fleeing need only be shown to create that likelihood, we may turn to extrinsic materials to assist us in ascertaining the legislature's intent. *Anderson v. City of Milwaukee*, 208 Wis. 2d 18, 25–26, 559 N.W.2d 563 (1997). Sterzinger points out that in several criminal statutes, where the legislature intends to penalize conduct that merely creates a risk of harm to others, it has said so expressly. *See, e.g.,* WIS. STAT. §§ 940.19(6); 941.10(2); 943.70(3)(b)4. We agree that the legislature could have more clearly stated its intent in WIS. STAT. § 346.04(3) by choosing language other than the ambiguous phrase "so as to." But, we conclude that its use of more precise language in other chapters does not necessarily mean that the legislature did not intend to

---

[4] THE RANDOM HOUSE DICTIONARY OF THE ENGLISH LANGUAGE 1809–10 (2d ed. 1987).

[5] *See id.* at 1570, "purpose" means "an intended or desired result; end; aim; goal."

penalize risk-creating conduct in § 346.04(3). We also conclude that it is more instructive to examine the legislature's use of "so as to" in other sections of WIS. STAT. ch. 346 ("Rules of the Road") rather than to base our interpretation on the legislature's use of different language in another chapter of the statutes.

¶ 14. The phrase "so as to" is found in several other sections of WIS. STAT. ch. 346, and unfortunately, these other traffic statutes could lend support to either interpretation. For example, under WIS. STAT. § 346.33(1) and (2), operators are prohibited, under certain circumstances, from turning a vehicle "so as to proceed in the opposite direction" on a highway. The use of the phrase in § 346.33 seems to plainly prohibit an actual result—proceeding in the opposite direction. It would make little sense to read these provisions as meaning operators may not turn their vehicles in such a way as to "create the risk or likelihood" that their vehicles will proceed in the opposite direction.

¶ 15. On the other hand, WIS. STAT. § 346.505(2)(b) prohibits persons from parking or stopping their vehicles, "temporarily or otherwise," on "any portion of a street, highway or parking facility so as to obstruct, block or otherwise limit the use of" a space reserved for physically disabled persons. We conclude that in § 346.505 it would not make sense for the phrase to mean that an officer may not ticket an offending vehicle unless a disabled person is actually prevented from using the designated space. It is more reasonable to conclude that a violation occurs under § 346.505 when a vehicle is so situated that it creates a risk or likelihood that an eligible vehicle would be denied access to the space.

¶ 16. Thus, an examination of other Wisconsin traffic statutes employing the phrase "so as to" does not necessarily enlighten us as to what the legislature intended when it employed the phrase in Wis. Stat. § 346.04(3). Sterzinger urges us to apply the "rule of lenity," resolving any doubt or ambiguity in his favor by adopting his interpretation that in order to convict him the State must show that his fleeing actually interfered with or endangered an identifiable person or vehicle. We decline to do so because we agree with the State that Sterzinger's interpretation leads to an unreasonable result, one which the legislature could not have intended.[6] The rule of lenity (or of "strict construction" of penal statutes) is " 'not violated by taking the commonsense view of the statute as a whole and giving effect to the object of the legislature, if a reasonable construction of the words permits it.' " *State v. Kittilstad*, 231 Wis. 2d 245, 267, 603 N.W.2d 732 (1999) (citation omitted). That is the case here.

¶ 17. We conclude that the State's interpretation meets the test expressed in *Kittilstad*. That the legislature's purpose in creating Wis. Stat. § 346.04(3) was to penalize risk-creating behavior is demonstrated by the alternative factors that can render a fleeing episode criminal under the statute—increasing the speed of the vehicle, or extinguishing its lights, in an attempt to flee or elude. (*See* footnotes 2 and 3.) Neither

---

[6] As the trial court noted in its decision, it is not reasonable to posit a legislative intent "to allow people to go flying down the road in disregard of stop signs or high rates of speed or whatever it might be, and then at the end of a chase for ten miles say, 'Gee, I happened to be lucky.' "

of the latter alternatives require that another person or vehicle be interfered with or endangered. Increasing a vehicle's speed or extinguishing its lights while fleeing or attempting to elude an officer present obvious and inherent safety risks which the legislature deemed sufficient for the imposition of criminal liability. It is reasonable, therefore, to infer that the legislature similarly intended to punish risk-creating behavior in the first, more general alternative, fleeing "so as to interfere with or endanger" other persons or vehicles.

¶ 18. Support for this conclusion is also to be found in the State of Wisconsin Criminal Penalties Study Committee Final Report, dated August 31, 1999, which gives the following explanation for the 1993 legislative amendment which upgraded the offense of fleeing an officer from a misdemeanor to a felony:

> Until 1994 an act of fleeing that did not result in injury or property damage was a misdemeanor offense. In that year the misdemeanor was elevated to a 2–year felony. Doubtless this occurred because some fleeing episodes, though not resulting in injury or property damage, nonetheless pose great threats to the safety of officers and others and thus deserve felony treatment.

*Criminal Penalties Study Committee Final Report,* Part II, D.4.d., at 57 (footnotes omitted). Although Sterzinger cites this passage in support of his claim that identifiable individuals must actually be threatened, we are persuaded otherwise. The committee's conclusion that the legislature's intent was to penalize conduct which "pose[d] great threats to the safety of officers and others" in fact supports the State's interpretation that a risk or likelihood that others might be endangered by the defendant's conduct is sufficient for a conviction.

937

¶ 19. We thus conclude that the trial court did not err in its interpretation of WIS. STAT. § 346.04(3), and accordingly, the instructions it gave the jury regarding the elements of the offense were not an erroneous statement of the law. There is no basis, therefore, for us to set aside the verdict, either on account of the failure of Sterzinger's counsel to object to the instructions or in the interest of justice.[7]

¶ 20. Finally, Sterzinger claims that the State did not present sufficient evidence to sustain the jury's guilty verdict. We disagree. As we have discussed, the State was not required to show that Sterzinger actually interfered with or endangered other identifiable vehicles or persons, contrary to the premise on which Sterzinger's challenge to the sufficiency of the evidence rests. The arresting officer testified that Sterzinger rolled through two stop signs, and that he drove down the center of a two-lane gravel road while attempting to elude the officer. The officer also testified that a woman with a stroller took to a ditch, and an oncoming truck pulled over, as Sterzinger's truck and the officer's squad car approached and passed.

¶ 21. Sterzinger argues that, under WIS. STAT. § 346.19, the truck driver was required to pull

---

[7] The failure to object to the instructions precludes a claim of trial court error. *State v. Schumacher*, 144 Wis. 2d 388, 409, 424 N.W.2d 672 (1988). As the State concedes, however, we might grant Sterzinger relief if we were to conclude that his counsel rendered ineffective assistance by not objecting, or by way of our discretionary reversal authority under WIS. STAT. § 752.35. As we have discussed, the instructions were not erroneous so no further analysis under either claim is required.

over for the squad car because it was giving an audible signal, and that both the oncoming truck and the pedestrian were responding to the squad car's siren and lights, not to Sterzinger's operation of his vehicle. We emphasize again, however, that the presence or actions of specific vehicles and pedestrians are irrelevant to the State's case and its burden of proof. What the State needed to convince the jury of is that Sterzinger's actions in fleeing from the officer were likely to interfere with or endanger other persons or vehicles, including the officer and his squad car.

¶ 22. We conclude that the State presented sufficient evidence to satisfy its burden. The State presented testimony from which the jury could reasonably infer that Sterzinger knowingly fled from the officer, willfully disregarding signals from the officer's marked squad car, and in so doing, operated his vehicle in a manner likely to interfere with or endanger other vehicles or pedestrians. Moreover, the State produced evidence that at least one motorist and one pedestrian were likely endangered or interfered with, although proof of those facts was not required. We are satisfied that the testimony the State presented at trial meets the test set forth in *State v. Poellinger*, 153 Wis. 2d 493, 451 N.W.2d 752 (1990).

> [I]n reviewing the sufficiency of the evidence to support a conviction, an appellate court may not substitute its judgment for that of the trier of fact unless the evidence, viewed most favorably to the state and the conviction, is so lacking in probative value and force that no trier of fact, acting reasonably, could have found guilt beyond a reasonable doubt. If any possibility exists that the trier of fact could have drawn the appropriate inferences from the evidence adduced at trial to find the requisite guilt, an appellate court may

not overturn a verdict even if it believes that the trier of fact should not have found guilt based on the evidence before it.

*Id.* at 507 (citations omitted).

¶ 23. We note in closing Sterzinger's concern that our conclusions effectively eliminate any distinction between the felony offense described in WIS. STAT. § 346.04(3) and the non-criminal, forfeiture offense set forth in subsection (1) of the statute.[8] We disagree. In addition to proving the facts necessary to establish the first two "segments" of the statute which we identified above (operation after receipt of an officer's signal, and knowingly fleeing or attempting to elude the officer), the State must also convince the jury, beyond a reasonable doubt, that in the course of fleeing or attempting to elude the officer, the defendant did one of three things—increased the vehicle's speed, extinguished its lights, or operated the vehicle in a manner likely to interfere with the operation of either the police vehicle or another vehicle or to endanger a vehicle, the officer or a pedestrian.

*By the Court*—Judgment and order affirmed.

■

[8] Subsection (1) prohibits a failure or refusal "to comply with any lawful order, signal or direction of a traffic officer." WIS. STAT. § 346.04(1). The penalty for violating this subsection is a forfeiture of $20 to $100. WIS. STAT. § 346.17(1).