STATE of Wisconsin, Plaintiff-Respondent,

v.

Courtney C. BEAMON, Defendant-Appellant.†

Court of Appeals

*No. 2010AP2003–CR. Submitted on briefs June 29, 2011.
—Decided August 31, 2011.*

2011 WI App 131

(Also reported in 804 N.W.2d 706.)

† Petition for review filed.

On behalf of the defendant-appellant, the cause was submitted on the briefs of *Donna L. Hintze*, assistant state public defender of Madison.

On behalf of the plaintiff-respondent, the cause was submitted on the brief of *Mark A. Neuser*, assistant attorney general, and *J.B. Van Hollen*, attorney general.

Before Brown, C.J., Neubauer, P.J., and Reilly, J.

¶ 1. NEUBAUER, P.J.   Courtney C. Beamon appeals his conviction for fleeing or eluding an officer,

contrary to WIS. STAT. § 346.04(3) (2009–10),[1] as a habitual criminal. Beamon contends that there was insufficient evidence to prove beyond a reasonable doubt that he was guilty of fleeing or attempting to elude an officer based on the instructions provided to the jury. It is undisputed that the instructions erroneously required an additional finding of fact not essential to the offense. Thus, the issue on appeal is whether this legally inaccurate instruction becomes the law of the case for purposes of evaluating sufficiency of the evidence. We conclude that it does not. When a jury convicts based on a patently erroneous jury instruction that varies from the statutory crime by adding an unnecessary factual finding, the error is subject to harmless error review. Due process requires proof beyond a reasonable doubt of every fact necessary to constitute the crime charged. We conclude that, under the totality of the credible evidence, it is clear beyond a reasonable doubt that a rational jury would have found Beamon guilty of the offense charged absent the error. We affirm the judgment.

## BACKGROUND

¶ 2. Beamon was charged with fleeing or eluding an officer as the result of an incident occurring on November 19, 2007, the underlying facts of which are uncontested. At approximately 12:45 a.m., Officer Frank Miller of the City of Racine Police Department responded to information from dispatch that gunshots had been fired in the 1300 block of Douglas Avenue. Miller was patrolling that area in a marked city of Racine squad car. He then received additional informa-

---

[1] All references to the Wisconsin Statutes are to the 2009–10 version unless otherwise noted.

tion that there was a vehicle, "like an Intrepid," traveling northbound with its lights off. When Miller approached the intersection of Albert and Douglas, he observed a vehicle matching the description driving northbound with "its lights extinguished." He estimated that the vehicle was traveling forty-five to fifty miles per hour in a thirty-mile per hour zone. Miller activated his emergency lights and siren and pulled out to follow the vehicle. Miller testified that he was no more than three-quarters of a block behind the suspect vehicle. The vehicle did not slow or yield at all in response to his presence, but did slow down to negotiate a turn onto LaSalle Street. When the vehicle approached the controlled intersection of LaSalle Street and St. Patrick Street, it did not stop or slow for the four-way stop sign. After proceeding through the intersection, the driver opened the door and rolled out of the vehicle. The abandoned vehicle then continued northbound until it struck a legally parked vehicle. Miller remained in his squad and followed the suspect who was now on foot.

¶ 3.    The incidents of that evening and what transpired during the foot chase resulted in the charging of eight counts against Beamon. The matter proceeded to a jury trial at which Beamon was found guilty of all eight counts. Beamon now appeals, challenging only his conviction for fleeing or eluding an officer.

### DISCUSSION

██

¶ 4.    WISCONSIN STAT. § 346.04 is entitled: "Obedience to traffic officers, signs and signals; fleeing from officer." It provides in relevant part:

> No operator of a vehicle, after having received a visual or audible signal from a traffic officer, or marked

police vehicle, shall knowingly flee or attempt to elude any traffic officer by willful or wanton disregard of such signal so as to interfere with or endanger the operation of the police vehicle, or the traffic officer or other vehicles or pedestrians, nor shall the operator increase the speed of the operator's vehicle or extinguish the lights of the vehicle in an attempt to elude or flee.

Sec. 346.04(3). In *State v. Sterzinger*, 2002 WI App 171, ¶ 9, 256 Wis. 2d 925, 649 N.W.2d 677, this court separated the language of § 346.04(3) into segments: (1) No operator of a vehicle, after having received a visual or audible signal from a traffic officer, or marked police vehicle, (2) shall knowingly flee or attempt to elude any traffic officer. This second segment "encompasses a knowing act (fleeing or attempting to elude the officer), which results in criminal liability if it is accompanied by one of three additional facts." *Sterzinger*, 256 Wis. 2d 925, ¶ 9. Thus the State can prove the second element—that the person knowingly fled or attempted to elude an officer—in one of three ways: by willful or wanton disregard of such signal so as to interfere with or endanger the operation of the police vehicle, or the traffic officer or other vehicles or pedestrians, *or* by increasing speed *or* by extinguishing the vehicle's lights in an attempt to elude or flee. *Sterzinger*, 256 Wis. 2d 925, ¶ 9 & n.3.

¶ 5. The State charged and prosecuted Beamon based on the theory of willful or wanton disregard of an officer's signal so as to interfere with or endanger other persons or vehicles. However, the instruction provided to the jury in this case misstated the law by requiring the jury to find both that Beamon acted with willful and wanton disregard *and* that he did so by increasing the speed of his vehicle. Thus, the instruction required the

443

finding of two distinct facts when only one was necessary to establish a knowing act of eluding or fleeing. The court instructed the jury:

> Section 346.04(3) of the Wisconsin Statutes is violated by a person who operates a motor vehicle on a highway after receiving a visual or audible signal from a marked police vehicle and *knowingly flees any traffic officer by willful disregard of such signal so as to interfere with or endanger the traffic officer by increasing the speed of the vehicle to flee.* Before you may find the defendant guilty of this offense, the State must prove by evidence which satisfies you beyond a reasonable doubt that the following two elements were present.
>
> First, the defendant operated a motor vehicle on a highway after receiving a visual and audible signal from a marked police vehicle.
>
> Secondly, the defendant knowingly fled a marked squad car by willful disregard of the visual or audible signal so as to interfere with or endanger the traffic officer *by increasing the speed of the vehicle to flee.*

(Emphases added.) Beamon appeals his conviction because "[u]nder the jury instruction given, there is no credible evidence to support the verdict." Specifically, there was no evidence at trial that Beamon increased the speed of the vehicle to flee.

¶ 6.    The State concedes that the evidence at trial did not satisfy the erroneous jury instruction. Thus, it defines the issue as:   "How should sufficiency of the evidence be measured—by the elements of the offense as defined by an unobjected-to, but erroneous jury instruction, or by the elements as defined by what would have been the correct jury instruction?" Beamon, however, contends that the instructions given provide the law of the case and govern our review of the

sufficiency of evidence. Beamon cites to *D.L. Anderson's Lakeside Leisure Co. v. Anderson*, 2008 WI 126, ¶ 22, 314 Wis. 2d 560, 757 N.W.2d 803, for the proposition that "[a] challenge to the sufficiency of the evidence is evaluated in light of the jury instructions." Beamon's reliance on *Anderson* is misplaced. While *Anderson* involved a challenge to the sufficiency of evidence, *id.*, ¶ 3, it did not involve a challenge to the jury instruction as being incorrect nor did it involve a statutorily defined offense in a criminal matter.

¶ 7.    Instead we look to *State v. Harvey*, 2002 WI 93, 254 Wis. 2d 442, 647 N.W.2d 189, for guidance. There, the court held that an improper jury instruction which results in constitutional error is subject to the application of the harmless error rule. *Id.*, ¶ 35 (citing *Neder v. United States*, 527 U.S. 1, 4 (1999)); *see also State v. Jorgensen*, 2008 WI 60, ¶ 23, 310 Wis. 2d 138, 754 N.W.2d 77 (applying a harmless error analysis to an unobjected-to error). This rule provides that "[a] constitutional or other error is harmless if it is 'clear beyond a reasonable doubt that a rational jury would have found the defendant guilty absent the error.'" *Harvey*, 254 Wis. 2d 442, ¶ 49 (citing *Neder*, 527 U.S. at 18). Thus, a defendant's conviction should stand where a reviewing court concludes beyond a reasonable doubt that the required elements of the offense are supported by overwhelming evidence and "no rational juror, if properly instructed" could find otherwise. *See United States v. Inman*, 558 F.3d 742, 749 (8th Cir. 2009) (citing *Neder*, 527 U.S. at 17; *Pope v. Illinois*, 481 U.S. 497, 503 (1987)). A harmless error determination presents a question of law we review independently. *State v. Ziebart*, 2003 WI App 258, ¶ 26, 268 Wis. 2d 468, 673 N.W.2d 369. In determining whether an error is harm-

less, we weigh the effect of the trial court's error against the totality of the credible evidence supporting the verdict. *Id.*

¶ 8. We are mindful that these cases involved omissions in the jury instructions whereas here the error involved the addition of a factual finding which heightened, not lowered, the burden on the State. Thus this case presents a different issue—whether a conviction may be upheld if the evidence is insufficient to support a factual finding charged to the jury when the jury instruction erroneously deviated from the elements as defined by statute, charged in the information, and prosecuted by the State. We conclude that it can. While we acknowledge that there is no Wisconsin case law directly on point, we look to the above-cited Wisconsin criminal cases involving erroneous jury instructions as well as the persuasive authority set forth in federal cases involving the erroneous addition of an element not necessary to the charged offense.

¶ 9. As noted in *Inman*, our inquiry is appropriately guided by the justification for sufficiency-of-the-evidence review generally. *See Inman*, 558 F.3d at 748. In *Jackson v. Virginia*, 443 U.S. 307, 319 (1979), the Supreme Court explained that such review is undertaken "to guarantee the fundamental protection of due process of law." That protection requires that a defendant's guilt be established by "proof beyond a reasonable doubt of every fact necessary to constitute the crime with which he [or she] is charged." *In re Winship*, 397 U.S. 358, 364 (1970). As the *Inman* court observed:

> A defendant has no due process right, however, to proof beyond a reasonable doubt of elements *not* necessary to constitute the crime charged, *including elements errone-*

> *ously or unnecessarily charged to the jury.* If, for example, a jury is charged that it must find three statutory elements and a fourth element not required by applicable law, that the evidence is insufficient to prove the fourth non-statutory element does not mean that a conviction that is properly supported under the applicable law deprives the defendant of his right to due process.

*Inman*, 558 F.3d at 748 (second emphasis added); *see also id.* at 749 (citing *United States v. Guevara*, 408 F.3d 252, 258 (5th Cir. 2005) and *United States v. Zanghi*, 189 F.3d 71, 77, 79 (1st Cir. 1999) (both holding that the law of the case does not apply when a jury convicts based upon a patently erroneous jury instruction that varies from the charge as correctly set forth in the indictment by adding an unnecessary element, and the government's prosecution of the case is based on the correct charge)). Consistent with the due process analysis employed by these courts, we conclude that the evidence is to be measured by the applicable law, not as set forth in the erroneous jury instructions which required an additional finding of fact not essential to the offense.[2] This ensures that a reversal for error is reserved for those situations in which there is an actual

---

[2] Beamon cites to the supreme court's decision in *State v. Wulff*, 207 Wis. 2d 143, 153, 557 N.W.2d 813 (1997), for the proposition that a court may only affirm a conviction "if there was sufficient evidence to support guilt on the charge submitted to the jury." In *Wulff*, the prosecution advanced a theory of the crime on which the jury was never instructed. *Id.* at 154 ("because facts regarding the attempted fellatio were submitted to the jury without instructions as to the relevant law, this court directs the entry of a judgment of acquittal").

Here, there was one theory advanced by the prosecution— that Beamon did not stop, yield or slow when Miller was pursuing him, but instead "blasted right through" a four-way

447

failure in the State's proof of the crime rather than a mere error in the instruction. *See Harvey*, 254 Wis. 2d 442, ¶ 46 (citing *Neder*, 527 U.S. at 18 ("Reversal for error, regardless of its effect on the judgment, encourages litigants to abuse the judicial process and bestirs the public to ridicule it.")).

■

¶ 10. Here, the elements of the offense were properly set forth in the information and were properly read to the jury prior to the erroneous instruction.[3] Further, the State's defense of the verdict on appeal is consistent

___

stop sign, "bailed out of the car at 25 miles an hour" and "got up to run away"—and that theory satisfied the actual elements of the charged offense. As the State points out, unlike *Wulff*, where the jury was not instructed as to the charged offense, the jury here was instructed as to the offense, but was required to make an additional and unnecessary factual finding. Moreover, case law subsequent to *Wulff* makes clear that Wisconsin employs a harmless error analysis to erroneous jury instructions. *See State v. Gordon*, 2003 WI 69, ¶ 40, 262 Wis. 2d 380, 663 N.W.2d 765; *State v. Harvey*, 2002 WI 93, ¶¶ 46–47, 254 Wis. 2d 442, 647 N.W.2d 189 (embracing the federal harmless error rule employed in *Neder v. United States*, 527 U.S. 1 (1999)).

[3] In addressing the jury prior to deliberations, the court explained that, as to each count, it would read the charging section of the information and then read the instruction that "advises — of the elements of each offense that the State is going to have to prove." Thus, prior to instructing the jury as to the elements of attempting to flee or elude an officer, which was Count 1 of the information, the trial court stated:

> Mr. Beamon is charged with eight counts in the charging document, the information. Count 1 is vehicle operator fleeing or attempting to elude an officer. It charges that on or about 11/19 of 2007, in the County of Racine, State of Wisconsin, the defendant did unlawfully, as the operator of a vehicle, having received a visual or audible signal from a traffic officer or marked police vehicle, knowingly flee or attempt to elude any officer—any traffic officer by willful or wanton disregard of such signal so as to interfere with

with the theory of prosecution presented in the information and at trial, despite the erroneous jury instruction.[4] In keeping with the applicable law set forth in the information, the jury should have been instructed as follows under WIS JI—CRIMINAL 2630:

> Before you may find the defendant guilty of this offense, the State must prove by evidence which satisfies you beyond a reasonable doubt that the following two elements were present.
>
> 1.  The defendant operated a motor vehicle on a highway after receiving a visual or audible signal from a marked police vehicle.
>
> 2.  The defendant knowingly fled or attempted to elude a traffic officer by willful disregard of the visual or audible signal so as to interfere with or endanger the operation of the police vehicle, the traffic officer, other vehicles, or pedestrians.

And, as clarified in *Sterzinger*, the State need not prove that the defendant actually interfered with or endangered the operation of the police vehicle, traffic officer, other vehicles or pedestrians, but only that the defendant's actions were *likely* to produce that result. *See Sterzinger*, 256 Wis. 2d 925, ¶ 21.

¶ 11. Turning to the evidence presented at Beamon's trial, it is clear beyond a reasonable doubt

---

or endanger the operation of the police vehicle or the officer or other vehicles or pedestrians, or did increase the speed of the vehicle or extinguish the lights of the vehicle in an attempt to elude or flee.

[4] For these reasons, and given the overwhelming evidence, we are also satisfied that the erroneous instruction did not confuse or mislead the jury as to the essential elements of the charged crime.

449

that a rational jury would have found him guilty absent the error. *See Harvey*, 254 Wis. 2d 442, ¶ 49 (citing *Neder*, 527 U.S. at 18). Miller testified that he was in a marked police vehicle when he followed Beamon with both his emergency lights and siren activated. While being pursued, Beamon drove forty-five to fifty miles per hour in a thirty-mile per hour zone, at night, with his lights extinguished. He proceeded through a four-way stop sign without yielding or stopping, and then rolled out of the car at twenty-five miles per hour, leaving the abandoned vehicle to crash into a parked car. Based on this uncontested and overwhelming evidence, any rational trier of fact would have found beyond a reasonable doubt that Beamon operated a vehicle on a highway after receiving both visual and audible signals from a marked police vehicle and willfully disregarded that signal so as to interfere with or endanger the pursuing officer.

## CONCLUSION

¶ 12. We conclude that the evidence is measured against the actual elements of the charged offense, and not the incorrect jury instruction which required an unnecessary factual finding. Because there was overwhelming evidence to support the jury's verdict of guilt as to eluding or fleeing an officer, it is clear beyond a reasonable doubt that a rational jury would have found Beamon guilty absent the erroneous jury instruction. The error, therefore, could not have contributed to the verdict. Because the error was harmless, we affirm the judgment of conviction.

*By the Court.*—Judgment affirmed.